## Commonwealth v. Baracca

*Colleen Marsini, assistant district attorney,* for the Commonwealth.
*Joseph Chupein,* for defendant.

SERENI, *J.,* September 4, 1992—On July 14, 1992, a jury trial was scheduled in the matter of *Commonwealth v. Martin J. Baracca,* no. 506-92. The defendant had been charged with indecent assault, corrupting morals of children and harassment. Before trial, the Commonwealth informed the court and defense counsel that it intended to offer the testimony of two witnesses, other than the victim, who would testify as to prior sexual misconduct of defendant. Defendant requested the court to rule in limine as to the admissibility of this testimony. After oral argument, the court granted defendant's motion in limine. Thereafter, the Commonwealth filed an immediate appeal to the Superior Court.

In its statement of matters complained of on appeal, the Commonwealth solely contends that under the common plan exception of the Pennsylvania Rules of Evidence the court erred in granting defendant's motion in limine.

The general rule in Pennsylvania as to the admission of "other crimes" is that "a distinct crime ... cannot be given in evidence against a defendant who is being tried

for another crime." *Commonwealth v. Booth,* 291 Pa. Super. 278, 287, 435 A.2d 1220, 1225 (1981). There are two reasons behind this rule. First, the fact that a person has committed one offense is not proof that he has committed another. *Id.* In addition, such evidence tends to create prejudice and an emotional reaction on the part of the jury against the defendant.

"Special circumstances justifying exceptions to the general rule exist when the evidence of other crimes tends to prove: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial—in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. [Although] a particular exception applies, the trial court must balance the need for the evidence against its potential prejudice in order to determine its admissibility." *Id.*

Once it is determined that the other crime is an exception to the general rule, the courts require still further inquiry. *Commonwealth v. Hude,* 256 Pa. Super. 439, 445, 390 A.2d 183 (1978). There must be a balance on the one hand as to the actual need for the "other-crimes" evidence and additional evidence available to the Commonwealth, the "convincingness" of the evidence that the "other crimes" were committed and that the accused was the actor, and the strength or weakness of the "other-crimes" evidence in supporting the issue. *Id.* On the other hand, the court must also consider the degree to which the jury will probably be "raised by the evidence to overmastering hostility." *Id.*

With respect to the fourth exception, under which the Commonwealth in the instant case is attempting to admit the other-crimes evidence, the courts have admitted evidence of another crime not charged only where there is a "logical connection" between the two and a "high correlation in the details of the crimes." *Booth, supra.* Furthermore, it has been held in sex offense cases that the use of "other crimes" to prove design is to be limited to acts committed no more than one year prior to the offense actually charged. *Id.*; See also *Commonwealth v. Bradley*, 243 Pa. Super. 208, 364 A.2d 944 (1976).

In the instant case, according to the Commonwealth, two witnesses will testify as to "other-crimes" evidence against the defendant. The first witness, Victim A, would testify that she graduated from Interboro High School in 1990. Prior to graduation, sometime in May or June, the defendant allegedly gave her the key to the equipment room and instructed her to go there. Upon entering the room, the defendant grabbed her and forcibly kissed her while placing his tongue into her mouth. The second witness, Victim B, would testify that she graduated from Interboro High School in June of 1988. Sometime in November of 1988, she returned to Interboro for a basketball game and during the game, the defendant asked her to go to the equipment room in order to get some equipment. When she entered the room, defendant allegedly grabbed her and forcibly kissed her, while placing his tongue into her mouth. Both Victims A and B would testify as to defendant's reputation amongst the students at Interboro if placed in issue by the defendant.

The victim of the crime actually charged will testify as to five incidents with the defendant. On November 1, 1991, the first incident, defendant advised the victim that she had to make up a gym class so he gave her the keys to the equipment room and told her to go there

and wait for him. When defendant arrived, he stated "What are we going to do so you can pass gym." He then grabbed her by the head and forced her to kiss him, placing his tongue into her mouth. At the time of the fourth incident, which occurred approximately one month later, the victim was in study hall when defendant requested that she be sent to the health room for make-up work. When the victim arrived, defendant again forced her to kiss him on the mouth and he placed his hands on her buttocks. Defendant also talked about sex and masturbation. At this time, defendant advised the victim that she could tear up the failure notice he had given her and that she was not to tell anyone about the incident.

The circumstances surrounding the crime actually charged as compared to the incidents involving Victims A and B are neither logically connected nor is there a high correlation in the details of the crimes. First, the "other crimes" in this case occurred over a year and a half and three years respectively prior to the offense actually charged. Next, the victim of the crime charged was led to believe that if she cooperated with defendant she would receive a passing grade in gym. No such promise or coercive statement was made to Victim A or B. In fact, Victim B was not even a student of the defendant at the time of her incident. Accordingly, there is no high correlation in the details between the evidence of the "other crimes" and that of the offense charged which would warrant the admission of the "other-crimes" evidence.

Moreover, the potential prejudice to the jury far outweighs the Commonwealth's need for such evidence. Furthermore, the Commonwealth has additional evidence available to it, i.e. the crime-charged victim's testimony and the testimony of Victims A and B as to defendant's reputation if appropriate. Accordingly, the "other-crimes"

evidence is inadmissible under the common plan exception.

For the foregoing reasons, the court granted defendant's motion in limine.